**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

WIL-KEN ENTERPRISES, INC.,

        Plaintiff,

v.

ARJH LP, a Texas limited partnership,
AJTX Management, LLC, a Texas limited
liability company, ABDUL HAMIDEH,
JAMAL HAMIDEH, JHAH MO LP, and
JHAH KS LP,

        Defendants.

Case No. 24-1020-JWB-GEB

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Discovery and Motion for Sanctions. (ECF No. 187). Defendants' deadline to respond to this combined Motion was June 19, 2026. (ECF No. 173). To date, no response has been filed. As explained below, the Court **GRANTS** Plaintiff's request to compel discovery, and **TAKES UNDER ADVISEMENT** Plaintiff's request for sanctions to further discuss the same at the in-person hearing set for **August 6, 2026, at 10:00 a.m.** As stated in the Order at ECF No. 191, **the Court expects counsel and all parties to attend this hearing.**

## I.     Motion to Compel

Plaintiff asks the Court to compel responses to interrogatories and requests for production of documents served on three different dates, November 19, 2025, January 20, 2026, and April 1, 2026. Pursuant to Fed. R. Civ. P. 33 and 34, a party has thirty days to respond to interrogatories and requests of production of documents unless otherwise agreed

by the parties or ordered by the court.[1]  Per Rule 37(a)(3)(B)(iii) and (iv), if a party fails to timely answer an interrogatory or respond to a document request, the party seeking discovery may move for an order compelling an answer or response.

Any "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[2]  Additionally, D. Kan. Local Rules 37.1(a) and 37.2 requires conferral and a discovery conference with the magistrate judge before filing a motion to compel.  In the Motion, Plaintiff describes its conferral efforts to obtain the discovery at issue starting on January 8, 2026 through May 31, 2026.[3]  The undersigned conducted discovery conferences on January 28, 2026 and May 8, 2026 wherein the discovery at issue, among other items, were discussed.[4]  The Court thus finds the foregoing requirements met and the Motion to Compel properly filed.

### A.    November 19, 2025 Written Discovery

On November 19, 2025, Plaintiff issued the following written discovery:  (1) Second Set of Interrogatories to Abdul Hamideh; (2) Second Set of Interrogatories to ARJH, LP; (3) First Set of Interrogatories to AJTX Management, LLC ; (4) First Set of Interrogatories to JHAH MO LP; (5) First Set of Interrogatories to JHAH KS LP; and (6) First Set of Interrogatories Jamal Hamideh.[5]  The discovery was not answered within thirty days of

---

[1] Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).
[2] Fed. R. Civ. P 37(a)(1).
[3] ECF No. 187 at 9-13.
[4] ECF Nos. 157, 159, 171 and 173.
[5] ECF No. 187-4 at 1-2.

service, and was subsequently discussed at the January 28, 2026 discovery conference wherein the Court ordered responses by no later than February 6, 2026.[6] After responses were not received, the Court, on March 6, 2026, found good cause to extend the deadline to March 27, 2026.[7] At the May 8, 2026 hearing, some of this discovery remained outstanding, and the Court told Plaintiff to file a motion to compel by no later than June 12, 2026 regarding any deficient discovery that had not been received by the time Plaintiff filed a motion.[8] As stated above, Plaintiff filed its Motion to Compel on June 9, 2026.

While some discovery responses have been received,[9] Plaintiff's Motion to Compel states the following remains outstanding and requests an order compelling production of the same: (1) Defendant Jamal Hamideh has not provided written answers, produced a verification page, or provided bank authorizations for the First Set of Interrogatories directed to him; (2) Defendant ARJH, LP has not provided written answers or produced a verification page for the Second Set of Interrogatories directed to it, and (3) Defendant Abdul Hamideh has not produced a verification page for the Second Set of Interrogatories direct to him.[10]

### B.    January 20, 2026 Written Discovery

On January 20, 2026, Plaintiff issued the following discovery: (1) Second Set of Interrogatories to AJTX Management, LLC; (2) Third Requests for Production of

---

[6] ECF No. 159 at 2.
[7] ECF No. 163.
[8] ECF No. 187-1 at 10-19, 34-35, and 45-46.
[9] ECF No. 187 at 10, n.10 (stating Defendants JHAH MO LP, JHAH KS, LP, and AJTX Management fully answered the November of 2025 discovery on May 29, 2026.).
[10] ECF No. 187 at 14-15.

Documents to ARJH, LP; and (3) Third Requests for Production of Documents to AJTX Management, LLC.[11]   While a majority of the discovery was answered, Plaintiff states AJTX Management, LLC failed to provide answers to interrogatory numbers 20 and 21, and ARJH, LP failed to provide responses/documents regarding request numbers 77 and 78.[12]   During the May 8, 2026 hearing, this discovery still remained outstanding, and the Court told Plaintiff to file a motion to compel by no later than June 12, 2026 regarding any discovery that had not been received by the time Plaintiff filed a motion.[13]   As stated previously, Plaintiff filed a Motion to Compel on June 9th, indicating these discovery responses have still not been received and requests an order compelling production of the same.[14]

### C.    April 1, 2026 Written Discovery

On April 1, 2026, Plaintiff issued the following discovery: (1) Second Set of Interrogatories to Jamal Hamideh; (2) First Request for Production of Documents to Defendant Jamal Hamideh; (3) Second Set of Interrogatories to JHAH MO LP; (4) First Requests for Production of Documents to JHAH MO LP; (5) Second Set of Interrogatories to JHAH KS LP; and (6) First Requests for Production of Documents to JHAH KS LP.[15] Responses were due by May 1, 2026, but were not provided.  Answers to this discovery were then discussed at the May 8th hearing, and Defendants' counsel told the Court

---

[11] ECF Nos. 187 at 6-7 and 187-6.
[12] ECF No. 187 at 15-16.
[13] ECF No. 187-1 at 35-39, and 45-46.
[14] ECF No. 187 at 16.
[15] ECF Nos. 187-10 through 187-15.

Defendants would provide responses by May 29, 2026.[16]  However, per Plaintiff's Motion to Compel, to which Defendants have not responded, Defendants have not answered to this discovery, and Plaintiff requests an order compelling production.[17]

### D.    Supplemental Financial Production

During a March 31, 2026 conferral between Plaintiff's counsel and Defendant's counsel, defense counsel agreed to supplement prior discovery requests by providing AJTX Management, LLC and ARJH, LP's 2024 tax returns, and ARJH, LP's balance sheet and profit and loss statements by store for 2025.[18]  These items were discussed during the May 8th hearing and ordered by the Court to be part of any forthcoming motion to compel if not provided before such motion is filed.[19]  Regarding the tax returns, the Court stated if AJTX and ARJH have not filed tax returns for 2024, then that needs to be certified to by AJTX and ARJH so Plaintiff has that information.[20]  Per Plaintiff's Motion to Compel, AJTX and ARHJ have not provided any of the above information, and asks for production of the same.[21]

### E.    Order Compelling Production by August 3, 2026

The Court finds Defendants' repeated failure to produce the above discovery responses, coupled with their failure to respond to the Motion to Compel,[22] warrants the

---

[16] ECF No. 187-1 at 49-51.

[17] ECF No. 187 at 16-17.

[18] ECF Nos. 187 at 17 and 187-7 at 8.

[19] ECF No. 187-1 at 38-41, and 45-46.

[20] *Id.* at 41.

[21] ECF No. 187 at 17.

[22] *See* D. Kan. Local Rule 7.1(c) (stating if "a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice.").

Court **granting** Plaintiff's request for an order compelling production of the same. **Therefore, the Court orders Defendants to respond to the outstanding discovery requests identified in Sections A-D above by no later than August 3, 2026. To the extent these discovery requests are not responded to by August 3, 2026, all Defendants should be prepared to provide answers/information, under oath, regarding the same during the August 6, 2026 10:00 a.m. hearing. Failure to do so may result in the undersigned certifying facts to the District Judge for a finding of contempt of this Court's Orders, with possible sanctions to include monetary fines and/or incarceration.**[23]

## II.     Motion for Sanctions

Plaintiff also asks the Court to impose various sanctions against Defendants under Rule 37(d), which allows for sanctions when a party fails to respond to discovery after being properly served.  Specifically, Rule 37(d)(3) states:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

It is within the Court's discretion whether to impose sanctions.[24]  "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and

---

[23] *See* 28 U.S.C. § 636(e)(6).

[24] *Roadbuilders Mach. & Supply Co. v. Sandvik Mining & Constr. USA, LLC*, No. 2:22-CV-2331-HLT-TJJ, 2024 WL 68366, at *8 (D. Kan. Jan. 5, 2024), *reconsideration denied*, No. 2:22-CV-2331-HLT-TJJ, 2024 WL 757154 (D. Kan. Feb. 23, 2024).

to deter those who might be tempted to such conduct in the absence of such a deterrent."[25] A court should impose the least severe available sanction that will adequately deter and punish the wrongdoer and consider the purposes to be served by the imposition of sanctions.[26]  The Tenth Circuit has outlined the purposes of sanctions as including: "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."[27]  In considering the imposition of sanctions, the court must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate.[28]

The undersigned has not overlooked the fact that as far back as the inception of this case, at most every turn, Defendants have systematically refused to not only respond to discovery the undersigned has found to be relevant to the claims and defenses in this case, but Defendants also refused to comply with the orders of this Court, even when given extensions of time after time.  Furthermore, Defendants' deadline to respond to Plaintiff's combined Motion to Compel and Motion for Sanctions was June 19, 2026, and to date, no response has been filed.  The serious nature of this Motion begs the Court to take Plaintiff's request for sanctions under advisement for discussion at the August 6, 2026 hearing.  And, Defendants are advised the Court is **strongly considering at least** ordering Defendants to pay Plaintiff's reasonable expenses within a very short period of time or else face a

---

[25] *Id.*  (citations omitted).
[26] *Id.*
[27] *Id.*
[28] *Id.*

recommendation of civil contempt including incarceration until such conduct can be purged in accordance with the law.  Any proposed sanctions will likely include reasonable expenses, including attorney's fees, from March 28, 2026 up to and including June 9, 2026, the date of filing of the Motion to Compel and Motion for Sanctions, related to Plaintiff's efforts to obtain past due responses to the November 19, 2025, January 20, 2026 and April 1, 2026 written discovery, and efforts in obtaining the forensic collection from Control Risks (*see* ECF No. 185 regarding the Court's Order compelling this production).  Plaintiff shall be fully prepared to inform the Court of the amount of these expenses and fees at the August 6th hearing, and bring documentation regarding the same.  Plaintiff shall also be prepared to inform the Court of the amount it paid to Control Risks for its share of the forensic collection and bring documentation regarding the same to the hearing.

### III.    Other Topics of Discussion for the August 6, 2026 Hearing

The Court also expects the parties to be prepared to set a reasonable and realistic schedule for the remaining deadlines in this case.  The Court considers the time within which a party can issue written discovery to be complete,[29] and so expects the parties to be able to clearly and specifically articulate what remaining discovery needs to be done so a pretrial conference can be held in December of 2026.  The Court advises the parties that due to the age of this case, it is unlikely to extend these deadlines once set, as it is difficult to fathom any claim of good cause given the Defendants' conduct.  Going forward, the

---

[29] *See* ECF No. 159 at 3 (written discovery closed on April 24, 2026).

Court will not hesitate in considering more serious sanctions under Rule 37(b)(2) for discovery violations, including rendering a default judgment against the disobedient party.

Finally, as previously communicated to counsel, the Court will also discuss the subpoena issues raised in earlier emails to the Court.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Compel **(ECF No. 187)** is **GRANTED**. The Court orders Defendants to respond to the outstanding discovery requests identified in Sections I.A. through I.D. above by no later than **August 3, 2026**. **To the extent these discovery requests are not responded to by August 3, 2026, all Defendants, who are ordered to appear in person at the August 6, 2026 10:00 am hearing, should be prepared to provide answers/information, under oath, regarding the same during the hearing. Failure to do so may result in the undersigned certifying facts to the District Judge for a finding of contempt of this Court's Orders, with possible sanctions to include monetary fines and/or incarceration.**

**IT IS FURTHER ORDERED** that the Court is **taking under advisement** Plaintiff's Motion for Sanctions **(ECF No. 187)** for further discussion at the August 6, 2026 hearing. The parties should consult Sections II and III of this Order for more information.

**IT IS SO ORDERED.**

Dated: July 14, 2026, at Wichita, Kansas.

s/Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
